UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

FILED
FEB 03 2009

******************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 95-10003-01 |
| Plaintiff, | * | |
| -vs- | * | ORDER |
| STEVEN PAUL BERNDT, | * | |
| Defendant. | * | |

******************************************************************

Defendant pleaded guilty to mail fraud, conspiracy to tamper with odometers and odometer tampering. He was sentenced on September 18, 1995, to 36 months custody on each count, all counts to run concurrently, a $30,000 fine, and $68,950 restitution. Defendant filed a motion, Doc. 343, attacking restitution, contending the imposition of restitution violated the Fifth Amendment because the indictment issued by the Grand Jury did not set forth restitution as a separate element of the offenses charged.

Defendant appealed the imposition of a fine and restitution. The United States Court of Appeals for the Eighth Circuit affirmed on June 13, 1996. United States v. Berndt, 86 F.3d 803 (8th Cir. 1996). Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. That motion was denied as untimely, procedurally defaulted, and frivolous. He cannot bring any further motions to vacate his sentence without permission from the United States Court of Appeals for the Eighth Circuit. This is defendant's fourth motion attacking the restitution order. I have previously denied all such motions. Defendant's sentence, including the order of restitution, has long since been a final judgment. There is no legal basis for challenging the restitution previously imposed. Accordingly,

IT IS ORDERED that the motion, Doc. 343, attacking restitution is denied.

Dated this 2nd day of February, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)